UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JAYEVON L. BLAINE,<br>*Plaintiff*, | |
| v. | No. 3:23-cv-1614 (JAM) |
| PETER BURNS *et al.*,<br>*Defendants*. | |

**INITIAL REVIEW ORDER PURSUANT TO 28 U.S.C. § 1915A**

The plaintiff, Jayevon L. Blaine, is a sentenced prisoner in the custody of the Connecticut Department of Corrections ("DOC").[1] He brings this complaint *pro se* and *in forma pauperis* under 42 U.S.C. § 1983 against six DOC employees, alleging that they violated his Eighth Amendment rights by failing to provide him with a medical mattress for his back and neck pain.[2] The Court issues this initial review order pursuant to 28 U.S.C. § 1915A, allowing his claims to proceed against two defendants and dismissing his claims as to all other defendants.

### BACKGROUND

Blaine's claims arise from his incarceration at Corrigan-Radgowski Correctional Center ("Corrigan") in Connecticut. He names six defendants: Dr. Rader, Nurse J. Brennan, Nurse Lynne Munday, Nurse Supervisor Peter Burns, RCOO Colleen Gallagher, and RCOO Jen Sanchez.[3]

---

[1] The Court may judicially notice a fact "that is not subject to reasonable dispute" and "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Accordingly, I take notice of records on the Connecticut DOC website indicating that Blaine was last admitted to DOC on September 9, 2009, and is a sentenced inmate incarcerated at Corrigan-Radgowski Correctional Center. http://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=354564 (last visited Aug. 5, 2024).

[2] Upon review of the Plaintiff's handwritten complaint, the Court believes that the first defendant listed is Peter Burns. The Clerk is respectfully directly to amend the caption accordingly.

[3] Doc. #1 at 1.

1

The following facts, drawn from Blaine's complaint, are accepted as true for purposes of this ruling only. Blaine has experienced pain in his back and neck since approximately 2020.[4] In early 2022, an MRI identified stenosis in parts of his spine, and an orthopedic specialist later recommended surgery.[5]

In February 2022, while Blaine was incarcerated elsewhere, Colleen Gallagher, the head of all medical operations at DOC, authorized him to receive a foam core mattress (which the complaint refers to as a "medical mattress") for his pain.[6] Blaine alleges that his mattress was confiscated when he was moved to Corrigan on an unspecified date.[7]

In October 2023, Blaine wrote to Corrigan's medical staff and informed them that he had a pass for a medical mattress.[8] The prison official who responded said that Blaine did not have an order for a mattress pass.[9] On receiving this response, Blaine went to see Dr. Rader, who told Blaine that in fact he did have a pass but then failed to provide the mattress.[10] Rader informed Blaine that he would "re-e-mail" Gallagher about the issue.[11]

Blaine filed a Level 1 administrative grievance a few days later, informing officials that he had a medical mattress pass "due to [his] back and neck being messed up"—specifically, his "C2, C3, C4, C5" vertebrae—and that he still had not received the mattress.[12] Defendant Brennan rejected the grievance without possibility of appeal because Blaine mistakenly filed it under the "Diagnosis/Treatment" remedy category rather than under the "Administrative"

---

[4] *Id.* at 52.
[5] *Id.* at 4 (¶ 20), 28-29, 51-52.
[6] *Id.* at 3 (¶ 16), 21.
[7] *Id.* at 4 (¶ 17).
[8] *Id.* at 3 (¶ 11), 13.
[9] *Id.* at 13.
[10] *Id.* at 3 (¶¶ 12-13).
[11] *Id.* at 2 (¶ 8), 3 (¶ 13).
[12] *Id.* at 6 (¶ 41), 7 (¶ 42), 44-45.

remedy category.[13] Brennan added that "[t]here are no more 'medical mattress' passes per central office."[14]

In November, Blaine again wrote to the medical unit and was told that there was no order for a mattress.[15] A review of the filings reflects that prison staff added him to the sick call list.[16] Blaine then submitted an inmate request addressed to the nurse supervisor, Peter Burns. He explained that his back was "killing [him] to the point [that he was] only getting 2 to 4 hours of sleep"; his spine was spasming; his legs and feet would go numb if he sat for too long; and when he stood, his upper back and neck had "shocking pain and numb[ness]."[17] He added that he had "told the doctor that the pain meds [were] no longer working and was told about getting [his] foam mattress back."[18] Nurse Munday, who responded to the request, declined to help Blaine, explaining that he had been seen several days before.[19]

Later that month, on the same day he signed the complaint, Blaine told Nurse Amanda (who is not named as a defendant) that he had a mattress pass.[20] Amanda spoke to the nurse supervisor—presumably Defendant Burns—who told her that "they no longer made medical mattress[es]" and that Blaine would "have to make d[o] with what [he] ha[d]."[21]

Blaine also states that, on an unspecified date, he told Rader that his pain medication was no longer working, to which Rader responded that "there [was] n[o]thing he [could] do."[22]

---

[13] *Id.* at 7 (¶ 42), 44-45.
[14] *Id.* at 44.
[15] *Id.* at 3 (¶ 15).
[16] *Id.* at 17.
[17] *Id.* at 4-5 (¶ 25), 32.
[18] *Id.* at 32.
[19] *Id.* at 4-5 (¶ 25), 32.
[20] *Id.* at 6 (¶ 36).
[21] *Ibid.*
[22] *Id.* at 5 (¶ 26).

Blaine alleges that, because he was denied a medical mattress, he has difficulty moving his neck due to sharp shooting pain, and he cannot walk or stand for long periods of time, nor can he exercise.[23] He "has been in pain day and night and is not able to sleep," or can only sleep for three to four hours at a time.[24] Finally, Blaine alleges that his pain has caused stress for which he has had to seek mental health counseling, as well as flare-ups of his lupus.[25]

Blaine brings deliberate indifference claims against each of the above defendants in their individual and official capacities, seeking injunctive and declaratory relief, damages, and costs.[26]

## DISCUSSION

Pursuant to 28 U.S.C. § 1915A, the Court must review a prisoner's civil complaint against a government entity or government actors and dismiss any portion that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.

In reviewing a *pro se* complaint, the Court must construe the allegations liberally, interpreting them to raise the strongest arguments they suggest. *See Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020) (*per curiam*).[27] However, a *pro se* complaint must still allege enough facts—as distinct from legal conclusions—to establish plausible grounds for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

---

[23] *Id.* at 4 (¶ 22), 6 (¶ 39). Blaine's filings indicate that he submitted an additional Inmate Request Form (CN 9601) on November 10, 2023. The copy he filed is mostly illegible, but the legible portion corroborates his allegation that he informed the prison medical staff about his pain. *Id.* at 36.
[24] *Id.* at 5 (¶ 28).
[25] *Id.* at 5 (¶ 29), 40.
[26] *Id.* at 7-9 (¶¶ 44-59).
[27] Unless otherwise noted and for ease of reading, this ruling omits all internal quotations, alterations, and derivative citations for all quotations from cases.

*Eighth Amendment deliberate indifference to medical needs*

A prison official violates the Eighth Amendment—which prohibits the infliction of cruel and unusual punishment—if she exercises "deliberate indifference" toward a prisoner's serious medical needs. *See* U.S. CONST. amend. VIII; *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).[28] In the Second Circuit, a prisoner who brings a claim of deliberate indifference must allege "both an objective and a subjective element." *Matzell v. Annucci*, 64 F.4th 425, 435 (2d Cir. 2023).

Under the objective prong, "a plaintiff must show that the alleged deprivation is objectively 'sufficiently serious' to constitute cruel and unusual punishment." *Ibid.* A medical need is "sufficiently serious" if it "may produce death, degeneration, or extreme pain." *Charles v. Orange Cnty.*, 925 F.3d 73, 86 (2d Cir. 2019). Courts also consider "whether a reasonable doctor or patient would find the injury important and worthy of treatment, whether the medical condition significantly affects an individual's daily activities, and whether the illness or injury inflicts chronic and substantial pain." *Ibid.*

The subjective prong requires a plaintiff to show "that the charged official acted with a sufficiently culpable state of mind," equivalent to criminal recklessness. *Matzell*, 64 F.4th at 435. This occurs when "that official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Morgan v. Dzurenda*, 956 F.3d 84, 89 (2d Cir. 2020).

Blaine's pleadings satisfy the objective prong in terms of a sufficiently serious medical condition. He has alleged "sharp, shooting pain" that affects him "day and night" and that interferes with his ability to sleep, exercise, and even stand. His condition thus "significantly

---

[28] The Eighth Amendment is enforceable against state officials through the Fourteenth Amendment.

5

affects" his "daily activities" and "inflicts chronic and substantial pain." *Charles*, 925 F.3d at 86. His complaint also relies on his allegation that he has "a medical condition requiring a non-standard bed to protect against serious damage to his future health." *Jones v. City of New York*, 2020 WL 1644009, at *7 (S.D.N.Y. 2020) (setting out the standard for claims involving allegedly deficient beds).

The complaint also meets the subjective prong with respect to Dr. Rader. Blaine told Rader both that he needed the mattress for his severe pain and that his pain medication was no longer effective. Rader allegedly told Blaine that in fact he did have a mattress pass but then failed to provide the mattress, and Rader claimed there was nothing he could do for Blaine's ongoing pain. *See Jones*, 2020 WL 1644009, at *9 (plaintiff satisfied subjective element by pleading that he told prison doctors about his pain, medical condition, and need for a better mattress).

The complaint also meets the subjective prong with respect to Nurse Munday. Blaine informed her of "chronic and substantial pain," and detailed symptoms that "a reasonable doctor or patient would find . . . important and worthy of treatment," such as significant interference with his sleep, numbness, spasms, and shocking pain. Nurse Munday declined to help Blaine, explaining that he had been seen several days before.

The complaint does not otherwise allege enough facts to show that the remaining defendants acted with intentional or reckless disregard to Blaine's serious medical needs. In the grievance that Brennan reviewed, Blaine stated only that he had a mattress pass due to his back "being messed up" and that he had still not received the mattress. But he did not explain that he was in severe pain nor otherwise put Brennan on notice of "an excessive risk" to his health and safety. *See Stevenson v. Quiros*, 2023 WL 2240287, at *6 (D. Conn. 2023) (plaintiff failed to

establish recklessness where he "merely described his back pain as 'sharp.' Reading plaintiff's request, [the defendant] would have been led to think that plaintiff was experiencing mere discomfort, rather than the sort of extreme pain that could give rise to a viable Eighth Amendment cause of action.").

Similarly, Blaine alleges that Nurse Amanda relayed his complaints to Burns, who responded that medical mattresses were no longer made and that Blaine would have to make do. But Blaine told Amanda only that he had a mattress pass. Taking these allegations as true, they do not make clear Burns appreciated the risk of failing to act.

Although the complaint also names Gallagher and Sanchez, Blaine makes no claim that either of these defendants was personally involved in the denial of his mattress or other treatment for his pain. In a suit brought under § 1983, "a plaintiff must plead and prove that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Kravitz v. Purcell*, 87 F.4th 111, 129 (2d Cir. 2023). A claim of supervisory liability is insufficient. Thus, Blaine has failed to meet the pleading requirement as to these defendants.

Finally, the Eleventh Amendment bars Blaine's claims for damages against any of the defendants in their official capacities. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985); *see also Day v. Gallagher*, 151 F. Supp. 3d 253, 254 (D. Conn. 2015). Accordingly, I will dismiss these claims pursuant to 28 U.S.C. § 1915A(b)(2) for seeking monetary relief from a defendant who is immune from such relief. To the extent that Blaine has viable claims for damages against Dr. Rader and Nurse Munday, he may bring those claims against them only in their individual capacities. In addition, to the extent that he has still not received a medical mattress, he may pursue his claim for injunctive relief.

**CONCLUSION**

In accordance with the foregoing analysis, the Court enters the following orders:

1. Blaine's claims for money damages against any defendants in their official capacities are DISMISSED. His Eighth Amendment claims for deliberate indifference to serious medical needs may otherwise proceed against Doctor Rader and Nurse Munday.

2. All other claims and defendants are DISMISSED without prejudice to Blaine's filing of an amended complaint within thirty (30) days if he has good faith grounds to allege additional facts that overcome the grounds stated in this ruling for dismissing his claims.

3. Within twenty-one (21) days of this Order, the Clerk shall ascertain the current work addresses for Rader and Munday and mail a waiver of service of process request packet to each defendant in his or her individual capacity at his or her current work address. On the thirty-fifth (35th) day after mailing, the Clerk shall report to the Court on the status of all the requests. If either defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

4. Defendants shall file their response to the complaint, either an answer or motion to dismiss, within sixty (60) days from the date the notice of lawsuit and waiver of service of summons forms are mailed to them. If the defendants choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above. This initial review order has been issued *sua sponte* in accordance with 28 U.S.C. § 1915A and is without prejudice to the right of any defendant to seek relief by way of any motion pursuant to Rule 12 of the Federal Rules of Civil Procedure or other pleadings-level relief.

5. Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within six months (180 days) from the date of this order. Discovery requests need not be filed with the court.

6. All motions for summary judgment shall be filed within seven months (210 days) from the date of this order.

7. If Blaine changes his address at any time during the litigation of this case, Local Court Rule 83.1(d)(1) provides that he MUST notify the court. Failure to do so can result in the dismissal of the case. Blaine must give notice of a new address even if he is incarcerated. He should write "PLEASE NOTE MY NEW ADDRESS" on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address.

8. Blaine shall utilize the Prisoner E-Filing Program when filing documents with the Court. He is advised that the Program may be used only to file documents with the Court. As discovery requests are not filed with the Court, the parties must serve discovery requests on each other by regular mail.

It is so ordered.

Dated at New Haven this 5th day of August 2024.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge